Van Wyck, J.
Plaintiff’s bill of costs, noticed for taxation before the clerk on March 24th, contained this item of disbursement: “Paid copy stenographer’s minutes, $13.60,” and the only averment in the affidavit annexed, to justify the taxation of this item, is that deponent, plaintiff’s attorney, “ says that the foregoing disbursements have been made or incurred in this action.” To the taxation of this item defendant duly objected, but the clerk overruled the same and taxed the item without first requiring plaintiff to make further proof specifying the grounds upon which the item might be allowed as a reasonable and necessary expense, for it seems that such further proof was not made before the clerk, although an affidavit, verified on the same day, and made on behalf of plaintiff, appears in the appeal book, and in which is specified the best grounds to have justified the clerk in allowing the item as reasonable and necessary; but theaffidavit upon which defendant obtained the order to show cause why this taxation should not be reviewed by the court at special term avers that the affidavit annexed to the bill of costs contained the only proof made by plaintiff before the clerk, and upon the hearing on this review plaintiff makes no denial of this averment, and hence we must assume that Nanz’ affidavit, although verified on March 24th, was not used on taxation before the clerk and was first read on *141 March 27th upon the hearing at special term in review of the taxation. And so assuming, the conclusion is reached that the special term should and would have reversed the clerk’s ruling and disallowed this item if defendant had objected to the use of Nanz’ affidavit on such hearing in review, for the established rule is that the court at special term acts in such matters as an appellate tribunal. In other words, the appeal is only intended to review the errors actually committed by the clerk, on the proof before him at the time of taxation, and he cannot be put in error or justified by proofs furnished to the court after-wards unless the party seeking the review waives his right to object to the making of such additional proofs at special term and such party is deemed to have so waived this right by failing to object. The record does not show that defendant objected to the supplying at special term of the additional proofs by Nanz’ affidavit. The general rule is that defects and errors which, if pointed out, may have been supplied or avoided below, will not be available on appeal. It would be manifestly unjust to permit an objection for the first time at general term which the party had every opportunity to present at the special term and which, if made, might have been obviated. If this defendant had objected at special term to the supplying of the additional proof to justify the allowance of the item of disbursements objected to bv him it could have been obviated, for the court at special term had, under § 3265 of the Code, the authority to send the matter back to the clerk with instruction for him to allow this contested item upon the proofs as contained in this very same affidavit, for this section says that upon such review of taxation by the court, “it may direct a new taxation before the proper officer, specifying the grounds or the proof upon which the item may be allowed or disallowed by him.” The order appealed from should be affirmed, but as the clerk in allowing the contested item upon the proofs before him at the time of the taxation was in error, the defendant should not have had costs awarded against him, and the order in so far as it so awards costs is reversed and otherwise it is affirmed.
Fitzsimors, J., concurs.